IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-364-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| LAMONT BOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer of the Rocky Mount Police Department assigned to the Drug Enforcement Agency. Defendant presented the testimony of the proposed third-party custodian, his father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a two-count indictment on 8 November 2012 with: possession with the intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(b)(1)(D) (ct. 1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2). The alleged offense date in each count is 27 June 2012. The evidence presented at the hearing showed that the charges arise from a search of defendant's

residence on the alleged offense date. Police pursued a suspected drug dealer fleeing officers to defendant's residence, which had a strong odor of raw marijuana. A search of defendant's car, a Mercedes, yielded 13 pounds of marijuana, a .38 caliber pistol, and marijuana buds. Police found in the attic $20,000 in cash and an additional amount of cash downstairs. In questioning by the testifying officer, defendant admitted that he owned the marijuana and firearm and that he tried to hide it when he learned officers had come to the house. The testifying officer told defendant he planned to charge him federally.

After defendant was indicted on 8 November 2012, he apparently fled to Atlanta to avoid prosecution. He was spotted on 19 February 2013 and a search warrant obtained for his residence. Police located him there. They found 4.5 pounds of marijuana in the attic and marijuana buds all over the floor. Defendant admitted to police that when he found out they were coming he tried to flush the marijuana down the toilet and then scattered it in the attic. He also admitted that the marijuana was his. Defendant further admitted that he supported the family by the proceeds from his marijuana trafficking, in which even his mother participated.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the amount of marijuana involved, defendant's apparent flight to avoid prosecution, his attempts to secrete evidence of his offense conduct, his

continued trafficking after being told that authorities were seeking his federal prosecution, and the potential sentence defendant faces if convicted; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home due to employment and civic activities and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a serious criminal record and the availability of employment to him. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 25th day of February 2013.

James E. Gates
United States Magistrate Judge